**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sumaya Abdi Ahmed,<br><br>        Plaintiff,<br><br>v.<br><br>Estate of Abdiaziz Elmi Omar, et al.,<br><br>        Defendants. | No. CV-24-08086-PCT-DJH<br><br>**ORDER** |

Pending before the Court is a Motion to Remand this matter back to the Coconino County Superior Court, filed by Plaintiffs Sumaya Abdi Ahmed ("Ms. Ahmed") and the Estate of Abdi Ahmed Mohamed (the "Estate") (collectively, "Plaintiffs"). (Doc. 20). Defendant Nolan Transportation Group LLC ("NTG") has filed a Response in Opposition (Doc. 22) and Plaintiffs have filed a Reply. [1] (Doc. 23). The Court will grant Plaintiffs' Motion to Remand for the following reasons.

**I.    Background**

On March 8, 2022, Ms. Ahmed's husband, Abdi Ahmed Mohamed ("Decedent") was killed in a tractor-trailer collision. (Docs. 20 at 5; Doc. 22 at 7). Plaintiffs allege that the Decedent was a passenger in a commercial motor vehicle driven by Defendant Abdiaziz Elmi Omar ("Omar") (Doc. 20 at 5). Omar was an independent contractor hired by Defendant NRG Trucking Company ("NRG"). (*Id*.) NTG had hired NRG, to fulfill its

---

[1] NTG has also filed an Amended Motion to Consolidate this case with the related case *Adar Elmi et al v. Estate of Abdi Ahmed Mohamed et al*, 3:24-cv-08094-PHX-DJH (Doc. 17) and a Motion to Dismiss for Failure to State a Claim (Doc. 24). Because the Court will remand this action to the state court, these motions will be denied as moot.

contractual agreement with Defendant FedEx Ground Package System, Inc. ("FedEx") to provide transportation management services. (*Id*. at 6). NRG Trucking then hired Omar. (*Id*. at 6). The motor vehicle driven by Omar combusted into flames after it collided with another vehicle. (*Id*. at 5).

Plaintiffs originally filed this action in the Superior Court in the County of Coconino, Arizona alleging negligence claims against Defendants Omar, NTG, NRG, FedEx, HNS Trucking, LLC, and Mussie Estifanos Mesfun. (*Id*. at 5). Count Four alleges that NTG was negligent in its selection of contractors. (*Id*. at 6). NTG removed this action on May 6, 2024. (Doc. 1 at 2–3; Doc. 22 at 7). In its Notice of Removal, NTG says the Court has federal question jurisdiction over Plaintiffs' negligence claims against NTG because the claims are completely preempted by, 49 U.S.C. § 14501(c)(1) [2], which NTG says completely governs freight brokers like NTG. (Doc. 22 at 3, 4). Because of this, NTG argues Plaintiffs cannot bring a state common law tort claim of negligence against freight brokers like itself. (*Id.*) On June 5, 2024, Plaintiffs filed a Motion to Remand this matter back to state court contending that federal jurisdiction does not exist over the matter. (Doc. 22 at 7).

**II.     Discussion**

Plaintiffs argue that this Court does not have original jurisdiction over Plaintiff's state law negligence claims against NTG. (Doc. 20 at 2). Citing Ninth Circuit precedent that motor vehicle accidents and state law negligence claims are not preempted by the FAAAA, Plaintiffs argues that the FAAAA does not preempt their lawsuit in state court. (Doc. 20 at 4 citing *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1025 (9th Cir. 2020)).

In Response, Defendant asserts that federal courts have come out differently on the issue of whether state negligence claims are preempted by the FAAAA. (Doc. 22 at 2).

---

[2] 49 U.S.C. § 14501(c)(1) is referred to as both the Federal Aviation Administration Authorization Act ("FAAAA") preemption provision and the Interstate Commerce Commission Termination Act ("ICCTA") preemption provision. From here on, the Court will refer to 49 U.S.C. § 14501(c)(1) as the FAAAA preemption provision or simply Section 14501(c)(1).

NTG states that it is "simply asking this Court to resolve a discrete question of federal law and how it applies to a creature of federal statutory construction, i.e., a federally licensed freight broker." (Doc. 22 at 3). NTG argues that Section 14501(c)(1) of the FAAAA, by its plain text, exempts freight brokers like NTG from state common law negligence claims. (Doc. 22 at 14).

After analyzing 49 U.S.C. § 14501(c)(1), its exceptions, and Ninth Circuit precedent, the Court finds it lacks subject matter jurisdiction over Plaintiffs' claims. There being no other basis for federal jurisdiction over the parties or the claims, this case will be remanded to state court.

### A.    Legal Standards

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendant may only remove "actions that originally could have been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). If a plaintiff challenges the removal, the defendant bears the burden of establishing its propriety. *Gaus*, 980 F.2d at 566.

### B.    Safety Exception to the FAAAA Applies

In moving to remand this case back to state court, Plaintiffs first argue that the Ninth Circuit's decision in *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016 (9th Cir. 2020) controls. (Doc. 20 at 12). Plaintiffs argue that *Miller* makes it clear that the "safety exception" in Section 49 U.S.C. § 14501(c)(1) allows freight brokers and motor carriers to be liable under state common law tort claims. *Miller*, 976 F.3d at 1026.

The relevant part of the FAAAA states:

> (1) General rule- Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . broker, or freight forwarder with respect to the transportation of property
>
> (2) Matters not covered. - Paragraph (1) – (A) shall not restrict the safety regulatory authority of a State with respect to motor vehicles . . . .

49 U.S.C. § 14501(c). Even though the FAAAA preempts state regulations and laws "related to a price, route, or service" of a motor carrier or broker, there is a built-in safety exception in the statute. *See* 49 U.S.C. § 14501(c)(2). In that subsection, the FAAAA specifically saves to the States "safety regulatory authority with respect to motor vehicles." *Id. See also City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424, 438 (2002) (holding that the statute's intent was not to "restrict existing safety regulatory authority of a State").

Preemption is rooted in the assumption that the "historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Id.* (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996). In *Miller*, the Ninth Circuit had to decide whether a negligent selection claim against a freight broker was preempted by the FAAAA. *Miller*, 976 F.3d at 1016. There, a motorist sued, along with other defendants, a freight broker alleging that the freight broker negligently selected an unsafe motor carrier to transport goods. *Id*. at 1020. The freight broker in *Miller* argued that the FAAAA exempted the state court lawsuit because the freight broker was providing a service within the meaning of the FAAAA. *Id.* The court held that the freight broker could in fact be held liable for a state tort lawsuit because the safety exception in the FAAAA applied to negligent death suits. *Id.* at 1026. This was despite the Court finding that the defendant's conduct in *Miller* fell within the meaning of "service" as defined by the FAAAA. *Miller*, 976 F.3d at 1024; 49 U.S.C. § 14501(c)(1). In so finding, the Court reasoned the phrase "the safety regulatory authority of a State," in the FAAAA included a

State's right to regulate common-law tort claims. *Id.* at 1026 (citing *City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424, 440 (2002) (finding that a broad construction of the phrase "safety regulatory authority of a State" was warranted considering that the congressional intent behind the FAAAA was founded on economic regulation, not a safety regulation)).

The basis of Plaintiffs' negligent selection claim is nearly identical to the claim in *Miller*. (Doc. 20 at 5). The Decedent here was a passenger in a motor vehicle driven by a contractor selected by NRG Trucking. (*Id.*) NRG Trucking itself was selected by NTG to help NTG carry out its freight obligations to FedEx. (*Id.*) Plaintiffs argue NTG is responsible for the death of the Decedent because if it had not selected NRG Trucking, the employer of Omar, Decedent would not have died in a motor vehicle driven by Omar. (*Id.*) In *Miller*, the Plaintiff sustained severe injuries when he was struck by a semi-tractor trailer. *Miller*, 976 F.3d at 1020. The Plaintiff sued the freight broker that arranged for the trailer to transport goods to Costco basing his claim on the negligent selection of an unsafe motor carrier. *Id.* This type of wrongful death negligence claim was at the center of the dispute in *Miller*, and it is at the center of the dispute here. Defendant offers no factual point of distinction or explanation as to why the same reasoning would not apply here. In accordance with the holding in *Miller*, Plaintiffs' claim is not preempted by the FAAAA because the safety exception of the FAAA applies. *Miller*, 976 F.3d at 1026.[3]

### C. The Complete Preemption Doctrine does not Apply

Complete preemption is a doctrine that states that the "the preemptive force" of some statutes is so strong, that any claim arising from those statutes, is considered a federal

---

[3] As a final argument, NTG seeks to use a footnote from the *Reynolds* case to support its proposition that *Miller* was abrogated by the Ninth Circuit. *R.J. Reynolds Tobacco Company, et al. v. County of Los Angeles*, 29 F.4th 542, 553 n.6 (9th Cir. 2022). *Reynolds* was about the Family Smoking Prevention and Tobacco Control Act ("TCA"). *Reynolds*, 39 F.4th at 547. The Plaintiffs in that case were Tobacco companies suing the County of Los Angeles and arguing that the County's ban on flavored tobacco products was preempted by the TCA. *Id.* In a footnote, the Court mulled over whether a presumption against preemption applies. *Reynolds*, 29 F.4th at 553 n.6. However, a footnote that merely analyzes the statutory construction of a *different* statute is not enough to abrogate clear Ninth Circuit precedent. *Milk Specialties Co. v. Sandair Corp.*, No. 2:24-CV-01310-KJM-CSK, 2024 WL 4495150, at *1 (E.D. Cal. Oct. 15, 2024).

1  claim. *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003). Complete
2  preemption is the only exception to the well-pleaded complaint rule. *Id.* at 861. Otherwise,
3  the well-pleaded complaint rule requires that the complaint must state a federal cause of
4  action on its face. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now
5  settled law that a case may not be removed to federal court on the basis of a federal defense,
6  including the defense of preemption, even if the defense is anticipated in the plaintiff's
7  complaint").

8  Plaintiffs argue that the complete preemption doctrine does not apply to its negligent
9  selection claim against NTG, and thus does not provide a basis for the Court's jurisdiction.
10  (Doc. 20 at 11). Plaintiffs' reasoning is that there are no federal claims in their lawsuit and
11  so there exists nothing the Court can use to attach federal jurisdiction to their state common
12  law claims. (*Id.* at 3, 5, 10). NTG contends that the complete preemption exception applies
13  because of the preemptive nature of the FAAAA. (Doc. 22 at 16).

14  Complete preemption "arises only in 'extraordinary' situations." *Ansley*, 340 F.3d
15  at 862. No Supreme Court or Ninth Circuit case has held that the FAAAA is a statute with
16  such "extraordinary" force that any state law claim can be controverted into a federal claim
17  simply because it falls under the FAAAA. Plaintiffs properly point out that no legal
18  authority has been cited by NTG that states or even possibly suggests that the FAAAA is
19  a statute that falls within the complete preemption doctrine. (*Id.* at 11). The Court rejects
20  NTG's argument that the FAAAA preempts Plaintiffs' negligent selection claims.

21  Because Ninth Circuit precedent makes clear that the safety exception applies to the
22  FAAAA, and because there is no other basis from which this Court can hear this matter,
23  this case will be properly remanded back to state court. *Miller,* 976 F.3d at 1026 ("[T]he
24  safety regulatory authority of a State encompasses common-law tort claims.").

25  **IV.   Attorneys' Fees**
26  Plaintiffs also request attorneys' fees for NTG's improper removal. (Doc. 20 at 13).
27  Attorneys' fees may be awarded for an improper removal "where the removing party
28  lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital*

*Corp.*, 546 U.S. 132, 141 (2005); *see also* 28 U.S.C. § 1447(c). The issue is committed to the discretion of the district court. *Id*.

Here, NTG's attempt to remove this case was unreasonable, so, Plaintiffs' request for fees is granted. In its Response, NTG cited out-of-circuit authority supporting its position that the FAAAA preempted Plaintiffs' negligent selection claim. (*See* Doc. 22 at 12) (citing *Ye v. GlobalTranz Enters., Inc.*, 74 F.4th 453, 466 (7th Cir. 2023); *Aspen American Ins. Co. v. Landstar Ranger Inc.*, 65 4th 1261, 1264 (11th Cir. 2023)). NTG did not make any reasonable arguments as to why existing Ninth Circuit authority, primarily *Miller* was distinguishable from its own case. The most NTG did was state that *Miller* was decided with "an impermissible presumption against preemption." (Doc. 22 at 4). To support its proposition, NTG cited a footnote from a *different* Ninth Circuit case, involving a *different* statute to argue that *Miller* was abrogated. (*Id.*) Although there is a circuit split on the issue of how the safety exception should be construed, Ninth Circuit precedent is clear and *Miller* has, as of yet, not been abrogated. Plaintiff's request for attorneys' fees is therefore granted. These fees should be limited to fees associated with Plaintiffs' Motion to Remand and their Reply Motion (Doc 20); (Doc.23). The parties are directed to confer in good faith to resolve any disputes concerning the amount of reasonable expenses and fees Plaintiffs incurred associated with bringing their Motion to Remand. *See* L.R.Civ 54.2(d)(1). If the parties are unable to agree, Plaintiffs may file a motion for reasonable attorney's fees incurred as a result of NTG's untimely removal. Such motion must comply with the requirements of Local Rule 54.2(d).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. 20) is **granted.** The Clerk of Court is kindly directed to remand this matter back to the Coconino County Superior Court. Defendant Nolan Transportation Group, LLC's Motion to Consolidate (Doc. 17) and Motion to Dismiss (Doc. 24) shall be **terminated as moot**.

/ / /

/ / /

**IT IS FURTHER ORDERED** that Plaintiffs' request for Attorneys' Fees associated with the removal under 28 U.S.C. § 1447(c) is **granted**.

Dated this 4th day of December, 2024.

_____
Honorable Diane J. Humetewa
United States District Judge